## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CARLOS MANUEL DE LA ROSA GARCIA, A# 220 652 289, BY NEXT FRIEND PATRICIA MARTINEZ,** | § § § § | |
| Petitioner, | § § | SA-26-CV-01558-JKP |
| v. | § § | |
| **WARDEN, Karnes County Immigration Processing Center, ET AL.,** | § § § § | |
| Respondents. | § § | |

### SHOW CAUSE ORDER

Before the Court is a *pro se* 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Particia Martinez as "next friend" on behalf of Carlos Manuel De La Rosa Garcia. (ECF No. 1). De La Rosa Garcia is currently detained at the Karnes County Immigration Processing Center. (*Id.*). Upon review, the Court orders that either Martinez or De La Rosa Garcia, for the reasons stated herein, must show cause why the Petition should not be dismissed.

The § 2241 Petition, which seeks De La Rosa Garcia's release from detention, was filed on his behalf by his wife, Martinez, as "next friend." (ECF No. 1). Next–friend standing is available only when the "real party in interest is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability." *Whitmore v. Arkansas*, 495 U.S. 149, 165 (1990). The Court finds Martinez has not demonstrated standing to initiate this action on behalf of De La Rosa Garcia. (ECF No. 1).

Martinez contends she has standing to act as next friend for De La Rosa Garcia because she is his wife and he is in custody. (*Id.*). The Court finds Martinez has failed to establish a legal basis for next–friend standing. *See Pressley ex rel. Gakou v. Warden of Pike Cnty. Corr. Facility*,

No. 25-cv-2160, 2025 WL 3232939, at *2 (M.D. Pa. Nov. 19, 2025) (finding that next friend lacked standing to assert claims on behalf of real party in interest suffering from "distress and confusion"). It cannot be said that De La Rosa Garcia, by mere virtue of his detention, lacks access to this Court. He has the same access as other detainees who have filed petitions in this Court on their own behalf.

Importantly, even if Martinez could establish standing to bring this action as "next friend" on behalf of De La Rosa Garcia, as a non–attorney she is prohibited from doing so. Section 1654 of Title 28 of the United States Code states that "[i]n all courts of the United States the parties may plead and conduct their own cases *personally or by counsel*." 28 U.S.C. § 1654 (emphasis added). Courts have interpreted this provision to comprehensively list all the ways that a party may appear in federal court. *Raskin on Behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (citing *Gonzales v. Martinez*, 157 F.3d 1016, 1021 (5th Cir. 1998)). Thus, under § 1654, "'a party can represent himself or be represented by an attorney,' because § 1654 says he can." *Id.* "On the other hand, he 'cannot be represented by a nonlawyer,' because the statute does not include the phrase, 'or by a nonlawyer.'" *Id.* In summary, "[i]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021. This mandate applies even in the next–friend context, i.e., a "non–attorney cannot represent another party, even if acting as a next friend." *Banks ex rel. Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (per curiam) (collecting cases); *see Painter v. U.S. Att'y Gen.*, No. 08-cv-99, 2008 WL 1883460, at *1 (E.D. Tex. Apr. 25, 2008) ("Jack Painter does not state he has been admitted to the bar of this or any other court. . . . As a result, the court may not consider a pleading filed by Jack Painter on behalf of Richard Painter."). Thus, De La Rosa Garcia may represent himself in this

matter, but he may not be represented by Martinez, a non–attorney; rather, De La Rosa Garcia must represent himself or obtain counsel. *See Raskin*, 69 F.4th at 283; *Gonzales*, 157 F.3d at 1021.

**IT IS THEREFORE ORDERED** that **within fourteen (14) days of the date of this Order**, Patricia Martinez or Carlos Manuel De La Rosa Garcia must show cause why this case should not be dismissed.

**If the parties fail to comply with this Order, the Petition may be dismissed without prejudice by this Court without further notice for want or prosecution and failure to comply with this Court's Order.** *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that in addition to sending a copy of this Order to Carlos Manuel De La Rosa Garcia at the Karnes County Immigration Processing Center, the Clerk of Court shall send a copy of this Order to Patricia Martinez by certified mail, return receipt requested, at the following address: 208 Flowers Ave., Hutto, Texas 78634.

It is so **ORDERED**.

SIGNED this 13th day of March, 2026.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE